UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

TIMOTHY PAYNE,

    Plaintiff,

v.

SPP INC.;
MICHAEL MCCOY;
and DOE 1-5

    Defendants.

Civil Action No.

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendants engaged in the activity alleged herein while Plaintiff so resided.

## PARTIES

3. Plaintiff, TIMOTHY PAYNE (hereinafter "Plaintiff" or "Mr. Payne"), is a natural person residing in Gun Barrel City, Texas. Mr. Payne resided in Texas at all material times referenced herein. Defendant SPP INC. is a Georgia corporation believed to maintain its principle place of business at 3780 Old Norcross Road, Suite 103-206 in Duluth, Georgia. Defendant MICHAEL MCCOY, a resident of Georgia, is believed to be the sole officer, operator, and owner of SPP Inc., and responsible for the policies, procedures, and actions of the company, including those giving rise to each of Plaintiff's causes of action.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained. Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. SPP INC., MICHAEL MCCOY, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. In July 2020, Defendants began contacting Mr. Payne in an attempt to collect a consumer debt allegedly owed by Mr. Payne.

8.      On July 15, 2020, Defendants sent a text message to Mr. Payne, the content of which is as follows: "Hey Timothy Payne would you mind calling me?  I have something to discuss with you."

9.      On July 22, 2020, Defendants sent a text message to Mr. Payne, the content of which is as follows: "Hi this is SPS trying to contact Timothy Payne regarding a package that was returned to us, is this the right number?"  The text message came from Defendants' number of (831)216-3948.

10.     Defendants were not calling Mr. Payne "regarding a package that was returned," but to collect an alleged debt.

11.     Harassed and concerned by Defendants' communications in which they failed to disclose that the text messages were from SPP Inc., a debt collector, and in an attempt to collect a debt, Mr. Payne retained counsel with Centennial Law Offices.

12.     On October 29, 2020, staff from Centennial Law Offices contacted Defendants by telephone at (831)216-3948.  Defendants admitted that they were attempting to collect a debt from Mr. Payne arising from a consumer credit card account.  During the call, Defendants falsely claimed Celtic Bank to be the current creditor.  Defendants also falsely identified the name of their company as "SPP Processing."

13.     Defendants failed to provide Mr. Payne with the debt validation information required pursuant to 15 U.S.C. 1692g(a).

14.     At all material times mentioned herein, Defendants failed to maintain registration as a debt collector in Texas pursuant to Tex. Fin. Code. § 392.101, which requires debt collector post a surety bond with the secretary of state before engaging in debt collection in Texas.

15. On information and belief, Plaintiff alleges that Michael McCoy either sent the text messages to Mr. Payne, or personally directed another to do so with the use of a script he wrote and/or authorized.  On information and belief, Plaintiff alleges that Michael McCoy either personally misrepresented the name of SPP Inc. as "SPS" and "SP Processing" or directed another to do so.  On information and belief, Plaintiff alleges that Michael McCoy is fully responsible for failing to maintain registration of SPP Inc. as a debt collector in Texas pursuant to Tex. Fin. Code. § 392.101

16. As a direct result of the collection activity herein alleged, legal fees have been incurred in the amount of $2,555.00.

## CAUSES OF ACTION

### COUNT I

17. Plaintiff re-alleges paragraphs 1 through 16, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity in communications with Plaintiff, specifically the name of Defendants' company, that the communications were from a debt collector, and that the communications were in an attempt to collect a debt.

### COUNT II

18. Plaintiff re-alleges paragraphs 1 through 16, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692(e)11 by engaging in

communications with Plaintiff in which Defendants failed to disclose that the communications were from a debt collector, and that the communications were in an attempt to collect a debt.

## COUNT III

19.  Plaintiff re-alleges paragraphs 1 through 16, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692g(a) by continuing in their collection efforts after failing to send Plaintiff the requisite debt validation information within 5-days of their initial communication with Plaintiff.

## COUNT IV

20.  Plaintiff re-alleges paragraphs 1 through 16, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692e by: 1.) Failing to register as a debt collector in Texas pursuant to Tex. Fin. Code. § 392.101, which requires debt collector post a surety bond with the secretary of state before engaging in debt collection in Texas; 2.) Making the false claim that Defendants' communication was regarding a package that was returned; and 3.) Falsely claiming Celtic Bank to be the current creditor of the alleged debt.

## COUNT V

21.  Plaintiff re-alleges paragraphs 1 through 16, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692e(14) by using a business, company, or organization name other than the true name of Defendants' business.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants for recovery as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For $2,255.00 in legal costs incurred in responding to unlawful collection activity.

4.) For prejudgment interest in an amount to be proved at time of trial;

5.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

6.) For the costs of this lawsuit; and

7.) For any other and further relief that the court considers proper.

**JURY DEMAND**

Plaintiff demands a jury trial.

Date:  July 5, 2021

_____
ROBERT AMADOR, ESQ. (CA Bar #269168)
Attorney for Plaintiff TIMOTHY PAYNE
Centennial Law Offices
155 South First Street, #2121
Orcutt, CA. 93457
(888)308-1119 ext. 11
(888)535-8267 fax
R.Amador@centenniallawoffices.com